UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

RAFAEL TORRES,

          Plaintiff,

v.

CORRECT CARE SOLUTIONS, LLC and
ELIZABETH KULESZA, Doctor,

          Defendants.

-------------------------------------------------------------x

**OPINION AND ORDER**

18 CV 4311 (VB)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 6/19/19

Copies Mailed/Faxed
Chambers of Vincent L. Briccetti
6-19-19

Briccetti, J.:

    Plaintiff Rafael Torres, proceeding pro se and in forma pauperis, brings this action under

42 U.S.C. § 1983 against defendants Correct Care Solutions, LLC ("CCS") and Dr. Elizabeth

Kulesza.[1]  Plaintiff alleges defendants, in failing to treat his swollen knee timely or properly,

were deliberately indifferent to his serious medical needs in violation of the Fourteenth

Amendment.

    Now pending is defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6).

(Doc. #15).

    For the reasons set forth below, the motion is GRANTED.  However, plaintiff is granted

leave to file an amended complaint as to his Fourteenth Amendment deliberate indifference

claims in accordance with the instructions below.

    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

    For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-

pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's

---

[1]    Plaintiff sued Correct Care Solutions, LLC as "Correct Care Solution."

1

favor, as set forth below. In addition, because plaintiff is proceeding pro se, the Court also considers allegations made for the first time in an October 24, 2018, letter plaintiff submitted in support of his claims, to which plaintiff attached medical records (Doc. #22), as well as plaintiff's declaration in opposition to the motion to dismiss, which contained additional medical records (Doc. #25 ("Pl. Decl.")). See, e.g., Vlad-Berindan v. MTA N.Y.C. Transit, 2014 WL 6982929, at *6 (S.D.N.Y. Dec. 10, 2014).[2]

Plaintiff was confined at Orange County Jail ("OCJ") at all relevant times. Plaintiff alleges on April 13, 2018, his left knee became swollen, causing him pain and preventing him from sleeping. Plaintiff believes the swelling was related to his diabetes, however medical records attached to plaintiff's October 24, 2018, submission indicate plaintiff also had a "meniscus tear years ago." (Doc. #22 at 6).[3] In any case, plaintiff alleges he notified a correction officer of the knee pain, who "tried to get me down to an emergency sick call to no avail." (Doc. #2 ("Compl.") at 3).

Plaintiff alleges he submitted multiple sick call slips to the "Orange County Jail medical department, Correct Care Solutions" over the course of the following week, and only then was he given medical attention. (Compl. at 3). By that time, plaintiff alleges, his knee had swelled such that he was no longer able to bend his knee or walk. Thus, according to plaintiff, he was "moved and carried" from a top tier cell to a handicap cell on the lower level to allow him to receive meals and use the showers more conveniently. (Pl. Decl. at 2).

---

[2]     Because plaintiff is proceeding pro se, he will be provided copies of all unpublished opinions cited in this ruling. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

[3]     All page numbers refer to the page numbers automatically assigned by the Court's Electronic Case Filing System.

Plaintiff also alleges a physical therapist prescribed him an ice pack, hot compress, treatment from a TENS unit, and pain medication, but Dr. Kulesza, who subsequently examined plaintiff's knee, refused to let plaintiff receive such treatment. Plaintiff further alleges Dr. Kulesza promised to send plaintiff for an MRI of his knee but never made him an appointment.

Plaintiff alleges he can no longer walk normally, but must instead use a cane, attend physical therapy sessions, and take Motrin for continued pain. Further, plaintiff alleges his knee pain prevents him from leaving his cell for meals or activities and leaves him unable to sleep.

## DISCUSSION

I.    Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation omitted) (collecting cases). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). Nor may the Court "invent factual allegations" plaintiff has not pleaded. Id.

## II. Fourteenth Amendment Claims

Defendants argue plaintiff fails to state a claim for deliberate indifference to his medical needs with respect to either the alleged delay in medical care or Dr. Kulesza's allegedly improper subsequent treatment of his knee.[4]

The Court agrees.

### A. Deliberate Indifference Standard

Deliberate indifference claims brought by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment, because

---

[4] Plaintiff's complaint does not expressly indicate whether he was a pretrial detainee or post-conviction prisoner at the time of these allegations. Because defendants recite the Fourteenth Amendment standard applicable to deliberate indifference claims brought by pretrial detainees, the Court assumes for purposes of this motion that plaintiff was a pretrial detainee during the relevant time periods. Moreover, because plaintiff's allegations are insufficient to state a claim under the more lenient Fourteenth Amendment standard, they also would be insufficient to state a claim under the Eighth Amendment standard.

4

"[p]retrial detainees have not been convicted of a crime and thus 'may not be punished in any manner—neither cruelly and unusually nor otherwise.'" Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017) (quoting Iqbal v. Hasty, 490 F.3d 143, 168 (2d Cir. 2007)). To state a deliberate indifference claim, plaintiff's allegations must satisfy two prongs: an objective prong and a mens rea prong. Id. Namely, plaintiff must plausibly allege "that the challenged conditions were sufficiently serious," and defendants "acted with at least deliberate indifference to the challenged conditions." Id.

To plead the objective prong, a pretrial detainee must plausibly allege the challenged conditions, "either alone or in combination, pose[d] an unreasonable risk of serious damage to his health." Darnell v. Pineiro, 849 F.3d at 30 (quoting Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013)). "There is no 'static test' to determine whether a deprivation is sufficiently serious; instead, 'the conditions themselves must be evaluated in light of contemporary standards of decency.'" Id. (quoting Blissett v. Coughlin, 66 F.3d 531, 537 (2d Cir. 1995)).

In the context of medical care, two inquiries determine whether a deprivation is objectively serious. "The first inquiry is whether the prisoner was actually deprived of adequate medical care." Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006). Because "the prison official's duty is only to provide reasonable care," prison officials are liable only if they fail "'to take reasonable measures' in response to a medical condition." Id. at 279–80 (quoting Farmer v. Brennan, 511 U.S. 825, 847 (1994)).

The second inquiry is "whether the inadequacy in medical care is sufficiently serious." Salahuddin v. Goord, 467 F.3d at 280. If the allegedly offending conduct "is a failure to provide any treatment for an inmate's medical condition, courts examine whether the inmate's medical condition is sufficiently serious." Id. (citation omitted). If the offending conduct is the "medical

treatment given," however, "the seriousness inquiry is narrower." Id. When "the prisoner is receiving appropriate on-going treatment for his condition," and brings a "denial of medical care claim based on a temporary delay or interruption in treatment," courts look to "the severity of the temporary deprivation alleged by the prisoner," not "the severity of the prisoner's underlying medical condition." Smith v. Carpenter, 316 F.3d 178, 186 (2d Cir. 2003).

To plead the mens rea prong, a pretrial detainee must plausibly allege "that the defendant-official acted intentionally . . . , or recklessly failed to act with reasonable care to mitigate the risk that the condition posed . . . even though the defendant-official knew, or should have known," of the risk. Darnell v. Pineiro, 849 F.3d at 35. The Fourteenth Amendment's mens rea prong "is defined objectively" and "can be violated when an official does not have subjective awareness that the official's acts (or omissions) have subjected the pretrial detainee to a substantial risk of harm." Id.

"[D]istinguishing between negligent and reckless medical care is a difficult task, especially at the motion-to-dismiss stage where courts lack the benefit of expert opinion." Zhang v. City of New York, 2018 WL 3187343, at *8 (S.D.N.Y. June 28, 2018) (internal quotation omitted). Courts often look to the "degree of risk associated with the negligent treatment." See id. (internal quotation omitted) (collecting cases).

Moreover, "[i]t is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to" a constitutional violation. Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998) (citation omitted). This is also true where two medical professionals prescribe different methods of treatment. See Williams v. M.C.C. Inst., 1999 WL 179604, at *7 (S.D.N.Y. Mar. 31, 1999), aff'd sub nom. Williams v.

6

Cohen, 101 F. App'x 862 (2d Cir. 2004) (summary order). Further, "[w]hether to order an MRI or similar diagnostic treatments is a classic example of a matter for medical judgment." Victor v. Milicevic, 361 F. App'x 212, 215 (2d Cir. 2010) (summary order) (internal quotation omitted).

    B.    Application

Plaintiff's allegations fail to satisfy the mens rea element as to either the alleged delay in medical care or Dr. Kulesza's allegedly improper subsequent treatment of his knee.

First, plaintiff's allegations fail to suggest Dr. Kulesza played any role in the alleged one-week delay between the onset of his knee pain and his first medical examination. Plaintiff's only allegation concerning this delay is that a correction officer took plaintiff to emergency sick call "to no avail." (Compl. at 3). Plaintiff does not mention Dr. Kulesza in relation to the alleged delay nor explain how Dr. Kulesza was involved in preventing plaintiff from receiving medical attention. Plaintiff's allegations are all the more confounding because medical records attached to plaintiff's October 24, 2018, submission indicate plaintiff saw Dr. Kulesza on April 14, 2018—one day after plaintiff's knee allegedly first started to swell—yet plaintiff fails to allege he told Dr. Kulesza about his knee or that Dr. Kulesza refused to examine plaintiff's knee at that visit. (Doc. #22 at 4).

Second, plaintiff's allegations fail to suggest Dr. Kulesza acted with sufficient mens rea in her subsequent treatment of plaintiff's knee. Indeed, plaintiff's medical records indicate plaintiff received extensive medical care, including specifically from Dr. Kulesza. On April 20, 2018, Dr. Kulesza prescribed plaintiff pain medication, arthritis cream, and a knee sleeve. Dr. Kulesza also scheduled a follow-up appointment with plaintiff for the following week. Further, plaintiff received physical therapy on April 27 and May 4, 2018, and by the second physical therapy appointment, plaintiff had reported decreased knee pain. Plaintiff was also moved to a

different cell tier to accommodate his injury. And according to plaintiff's medical records, plaintiff received a radiological knee exam on April 26, 2018, and an x-ray on November 8, 2018.

Plaintiff's allegations as to Dr. Kulesza's treatment fail to satisfy the <u>mens rea</u> prong for the additional reason that plaintiff fails to suggest there was any degree of risk associated with Dr. Kulesza's treatment of his knee. Not only are there no allegations that plaintiff's knee became worse due to Dr. Kulesza's treatment, but there is some indication plaintiff's knee got better, as plaintiff reported decreased knee pain by his second physical therapy visit. Moreover, to the extent plaintiff argues Dr. Kulesza should have provided the treatment prescribed by the physical therapist, as noted above, "mere disagreement over the proper treatment does not create a constitutional claim." <u>Chance v. Armstrong</u>, 143 F.3d at 703.

Accordingly, plaintiff's deliberate indifference claim against Dr. Kulesza is dismissed.

III.    <u>Monell Claim</u>

As plaintiff has not adequately pleaded an underlying violation of his constitutional rights, his <u>Monell</u> claim against CCS is dismissed. <u>See Segal v. City of New York</u>, 459 F.3d 207, 219 (2d Cir. 2006) (district court "was entirely correct" in declining to address a <u>Monell</u> claim after finding no underlying constitutional violation).

IV.    <u>State Law Claims</u>

Defendants argue the Court should either dismiss or decline to exercise supplemental jurisdiction over any plausible state law claims asserted in the complaint. Because the Court is granting plaintiff leave to file an amended complaint, it declines to entertain those arguments at

this time. They may, however, be renewed, if and when defendants move to dismiss the amended complaint.

V.     Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (internal quotation omitted). District courts "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation omitted).

Here, because a liberal reading of plaintiff's complaint indicates a valid Fourteenth Amendment claim might be stated, and as plaintiff has not previously amended his complaint, the Court grants plaintiff leave to file an amended complaint and replead his deliberate indifference claims to the extent he can do so clearly, concisely, truthfully, and plausibly.

To the greatest extent possible, plaintiff's amended complaint must address the deficiencies identified in this Opinion and Order and must:

1.     describe all relevant events, stating the facts that support plaintiff's case, including **what each individual defendant did or failed to do**;

2.     include a clear explanation of what health issues he attributes to any untimely or improper medical treatment;

3.     include any details explaining why he believes defendants untimely or improperly treated him;

4.      give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

5.      describe how each defendant's acts or omissions violated plaintiff's rights and describe the injuries plaintiff suffered <u>as a result of those acts or omissions</u>; and

6.      include any facts regarding the existence of an official CCS policy or custom that caused the deprivation of a constitutional right.

Essentially, the body of plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why plaintiff is entitled to relief.

**Finally, the amended complaint will completely replace, not supplement, the existing complaint. Therefore, plaintiff must include in the amended complaint <u>all</u> information necessary for his claims.** However, plaintiff is directed to include in his amended complaint <u>only</u> those facts and documents he believes plausibly support a violation of his constitutional rights.

## CONCLUSION

The motion to dismiss is GRANTED.  However, plaintiff is granted leave to file an amended complaint as to his Fourteenth Amendment deliberate indifference claims in accordance with the instructions above.

Plaintiff shall file his amended complaint by no later than July 19, 2019, and shall utilize the amended complaint form attached hereto.  **<u>If plaintiff fails to file an amended complaint or seek additional time to do so by July 19, 2019, the Court will direct the Clerk to enter judgment in defendants' favor and close the case.</u>**

The Clerk is instructed to terminate the motion. (Doc. #15).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: June 18, 2019
    White Plains, NY

                SO ORDERED:

                Vincent L. Briccetti
                United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

No. _____
(To be filled out by Clerk's Office)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                    Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                         State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____            _____
Dated                                                    Plaintiff's Signature

_____
First Name                        Middle Initial            Last Name

_____
Prison Address

_____
County, City                               State                    Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:   _____